

Case 1:21-cv-02124-SAG   Document 1   Filed 08/19/21   Page 1 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| PRISCILLA DAVIS-EL<br>1531 North Pulaski Street<br>Baltimore, MD 21217<br><br>    Plaintiff,<br><br>  v.<br><br>KIMBERLY A. LOSIEWSKI<br>4818 Knoll Glen Drive<br>Ellicott City, MD 21043<br><br>    And<br><br>HOWARD COUNTY GENERAL<br>HOSPITAL<br>5755 Cedar Lane<br>Columbia, MD 21044<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:21-cv-2124<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff Priscilla Davis-El (hereinafter "Plaintiff" or "Ms. Davis-El"), by and through her attorney, David Baña, hereby files this Complaint against Defendants Kimberly A. Losiewski ("Ms. Losiewski") and Howard County General Hospital ("HCGH") (collectively referred to as "Defendants") to redress discrimination and interference with rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA") and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA") arising from Defendants' unlawful termination of Ms. Davis-El's employment for exercising her federally protected rights, and in support thereof states as follows:

**NATURE OF THE ACTION**

1. Ms. Davis-El brings this action to redress discrimination and retaliation perpetrated by one of the largest hospitals in Howard County, MD. Ms. Davis-El was a victim of Defendant's pattern and practice of targeting Patient Care Technicians ("PCTs") who were approved for and exercised their federally protected FMLA rights for unwarranted discipline up to and including termination. Through this action, Ms. Davis-El seeks to recover all wages, salary, employment benefits, and other compensation denied or lost her as a result of Defendants' violations during the period of discrimination and retaliation through trial plus interest on that amount calculated at the prevailing rate; an additional amount equal to the proceeding amount as liquidated damages; compensatory damages, such equitable relief as may be appropriate, including reinstatement, promotion, and declaratory and/or injunctive relief to prevent future acts of discrimination and retaliation by Defendants; reasonable attorney's fees, reasonable expert witness fees, and other costs of this action; and such other and further relief as the Court may deem proper.

**PARTIES**

2. Plaintiff Priscilla Davis-El is a citizen and resident of Maryland who was employed by HCGH for approximately thirteen (13) years prior to her unwarranted discharge in August of 2019. At all relevant times, Ms. Davis-El worked as a Patient Care Technician and reported to HCGH's main campus located in Howard County, Maryland.

3. Defendant Kimberly Losiewski is a citizen and resident of Maryland. Ms. Losiewski was at all relevant times a direct supervisor of the Plaintiff with the ability to materially alter her working conditions.

4. Howard County General Hospital is a Corporation existing under the Laws of the State of Maryland. HCGH was at all relevant times both Plaintiff's and Co-defendant Ms.

Losiewski's employer. HCGH had, at all relevant times, more than 50 employees for each working day during each of 20 or more calendar work-weeks in 2018 and in 2019.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the FMLA and the ADA. Personal jurisdiction is proper under Maryland's long-arm statute because Defendants conduct business in Maryland, are citizens of Maryland, and the events giving rise to this litigation occurred in Maryland.

6. Venue is proper in this District because Ms. Davis-El worked at a facility located in this District and a substantial part of the events giving rise to her claims took place in the District.

## STATEMENT OF FACTS

7. Ms. Davis-El was a professional Patient Care Technician with more than a dozen years of experience working at HCGH caring for hospital patients and working with staff nurses.

8. At all relevant times, Ms. Davis-El possessed the required skills to perform her job duties as a Patient Care Technician.

9. At all relevant times, Ms. Davis-El was capable of performing all of the essential functions of her job as a Patient Care Technician with HCGH.

10. HCGH hired Ms. Davis-El in 2006.

11. Ms. Davis-El suffers from intermittent disabling migraines.

12. Ms. Davis-El sought and was approved for intermittent FMLA leave for her migraine headaches for approximately ten (10) years prior to her termination in 2019.

13. In early 2019, Defendant Ms. Losiewski began openly expressing her disdain for Patient Care Technicians that required leave under the FMLA.

14. For example, Ms. Losiewski would openly and frequently say in meetings that she is "sick and tired of everyone calling out on FMLA." She would further openly express her frustrations with scheduling and coverage issues associated with PCT personnel who required FMLA leave.

15. At one point in early 2019, Defendant Ms. Losiewski expressed her disdain for Ms. Davis-El's condition and use of her federally protected FMLA rights when she asked Ms. Davis-El, "why don't you just go out on disability? You know, you may not even need to work anymore."

16. Around the same time, Defendant Ms. Losiewski, began targeting PCT personnel with approved FMLA leave for termination. Her first target was a long standing 30-year Patient Care Technician named FD (a pseudonym for purposes of this Complaint).

17. FD was approved for, and used, intermittent FMLA leave.

18. Defendant Ms. Losiewski also made comments to FD that demonstrated an animus towards people who used FMLA leave and/or had actual or perceived disabilities.

19. Defendant Ms. Losiewski terminated FD's employment with HCGH in early 2019 for a wholly made-up reason. She accused FD of abandoning a patient and it simply wasn't true.

20. Plaintiff, Ms. Davis-El witnessed the unlawful treatment and ultimate termination of her friend and co-worker FD.

21. Ms. Losiewski then targeted Plaintiff for termination for her use of intermittent FMLA leave.

22. In June of 2019, Plaintiff was presented with a Performance Improvement Plan (PIP) out of the blue.

23. The Performance Improvement Plan was full of platitudes about workplace behavior and attitude.

24. In fact, the Performance Improvement Plan was so low effort, it lifted a Wikipedia entry on "workplace incivility."

25. The Performance Improvement Plan was barren of any specific examples of when Ms. Davis-El participated or engaged in the conduct alleged.

26. The Performance improvement plan was an obvious attempt to paper the file.

27. The next month, July 2019, Ms. Davis-El drew blood from a patient that was later sent to the lab.

28. The lab results from the blood draw came back abnormal or otherwise erroneous.

29. Abnormal or erroneous lab results from blood draws occasionally happen as a normal part testing blood and the procedure to address abnormal or erroneous lab results is to draw the blood from the patient again and have the lab re-test it.

30. Drawing blood, which ultimately ends in an erroneous or abnormal lab result, is — in practice — in no way, shape, or form an offence, much less an offence that warrants a disciplinary write-up at HCGH.

31. Nevertheless, approximately one month after the aforementioned blood draw, on or about August 13, 2019, Defendant Ms. Losiewski wrote Ms. Davis-El up for that blood draw that resulted in an erroneous and/or abnormal lab result.

32. The write up specifically stated, "However, due to the erroneous result, Priscilla is now receiving a Written Warning."

33. Ms. Davis-El protested the write-up over concerns that it was pretextual.

34. Sensing that she was about to meet the same fate as her friend FD, Ms. Davis-El felt anxious, attacked and alone

35. Ms. Davis-El complained to Defendant Losiewski's supervisor that she had been subjected to heightened scrutiny and disparate discipline because of her FMLA use.

36. In this meeting she emphasized that — in her exeriance at HCGH — an abnormal or erroneous lab result was never grounds for termination or even formal discipline.

37. Further, Ms. Davis-El was adamant that she had followed the proper procedure for drawing blood that she was taught by HCGH and had been using throughout her employment.

38. On August 23, 2019, Ms. Davis-El's employment with HCGH was terminated.

39. Defendant Losiewski called Ms. Davis-El over the phone and informed her of her termination just as Ms. Davis-El pulled into the parking lot to start her shift at HCGH.

40. After Ms. Davis-El's termination from Defendant HCGH, Defendant Ms. Losiewski targeted another Patient Care Technician who was approved for and exercised her federally protected rights under the FMLA.

41. That employee, SC (a pseudonym for purposes of this Complaint), was also given a pretextual writeup by Defendant Ms. Losiewski.

42. The writeup Kim Losiewski presented SC was of supposed old patient complaints and was barren of any meaningful detail.

43. However, SC — after witnessing what happened to the Plaintiff and FD — was wise to Defendant's game, and almost immediately, complained in writing up the chain of command to the HCGH Director level.

44. In her writing, SC mentioned both FD's and Plaintiff's terminations and highlighted the pattern and practice of unlawful conduct (FMLA violations) by Defendant Losiewski.

45. SC's writeup was promptly rescinded by HCGH upper management.

46. Defendant Losiewski's employment with HCGH was shortly thereafter terminated.

## COUNT I

### INTERFERENCE WITH RIGHTS IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. § 2615(a) AGAINST ALL DEFENDANTS

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

48. Defendants are "employers" within the meaning of the FMLA.

49. At all relevant times, Ms. Davis-El was an "eligible" employee within the meaning of the FMLA.

50. Defendants' conduct as described herein violated the FMLA and, more specifically, Section 2615(a), which prohibits covered employers from interfering with, restraining, or denying the exercise of or the attempt to exercise any right provided under the Act and prohibits covered employers from discharging or in any other manner discriminating against an individual for opposing any practice made unlawful by the Act.

51. Defendant interfered with, restrained, or denied Ms. Davis-El's exercise or attempt to exercise her rights provided under the Act within the meaning of Section 2615(a) by, among other things, discouraging employee use of leave and engaging in a pattern and practice

of targeting and discharging longstanding employees who were approved for and used leave under the Act.

52.  Ms. Davis-El engaged in protected activity under the Act by, among other things, exercising her statutorily protected rights to request and to take intermittent leave for a serious health condition and by complaining about Defendants' unlawful practices as described herein.

53.  Defendants discriminated and retaliated against Ms. Davis-El for opposing unlawful practices within the meaning of Section 2615(a) by, terminating her for false and pretextual reasons based on absences for a serious health condition within the meaning of the FMLA.

54.  Defendants' violations as alleged in this Complaint were intentional, willful, and were not in good faith nor did Defendants have reasonable grounds for believing the acts or omissions described herein were not in violation of Sections 2612 and 2615.

55.  Because of the interference with Ms. Davis-El's rights and retaliation, she suffered as a result of Defendants' violations of the FMLA, Ms. Davis-El has suffered substantial damages and is entitled to all legal and equitable remedies available under the FMLA.

## COUNT II

**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. § 2615(a)(2) AGAINST ALL DEFENDANTS**

56.  Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.  Ms. Davis-El engaged in protected activity under the Act by, among other things, exercising her statutorily protected rights to request and take intermittent leave and protesting Defendants' unlawful interference with the exercise of his rights as described herein.

58. Prior to her complaints about disparate discipline over her use of leave afforded to her under the FMLA, Ms. Davis-El had performed her job duties satisfactorily and met or exceeded Defendants' legitimate expectations.

59. Defendants' conduct as described herein violated the FMLA, which prohibits covered employers from discharging or in any other manner discriminating against an individual for opposing any practice made unlawful by the Act.

60. Defendants discriminated and retaliated against Ms. Davis-El for opposing unlawful practices by, among other things creating a pretextual reason to terminate her.

61. Ms. Losiewski's hostile treatment of Ms. Davis-El began after Ms. Losiewski openly started expressing her disdain for PCT staff who were approved for and used intermittent FMLA leave.

62. Defendants' decision to terminate Ms. Davis-El's employment was motivated by her exercise of her federally protected rights under the FMLA.

63. Defendants' alleged reason for discharging Ms. Davis-El is false and pretextual. Defendants fired Ms. Davis-El because she complained about unlawful interference with her rights under the FMLA.

64. Defendants' violations as alleged in this Complaint were intentional, willful, and were not in good faith nor did Defendants have reasonable grounds for believing the acts or omissions described herein were not in violation of the Act.

65. Because of the interference with Ms. Davis-El's rights and retaliation she suffered as a result of Defendants' violations of the FMLA, Ms. Davis-El has suffered substantial damages and is entitled to all legal and equitable remedies available under the FMLA.

**COUNT III**

**UNLAWFUL DISCRIMINATION AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 *et seq.* (the "ADA") AGAINST HCGH**

65. Plaintiff repeats and realleges paragraphs 1 through 65 as if fully set forth herein.

66. Plaintiff has a disability under the ADA.

67. Plaintiff was perceived or otherwise regarded as having a disability under the ADA.

68. Plaintiff was a qualified individual under the ADA.

69. Plaintiff possessed the requisite skills and was capable of performing the essential functions of the job with HCGH with or without accommodation.

70. Plaintiff was discriminated and retaliated against because of her actual and/or perceived disability.

71. Plaintiff has satisfied her administrative prerequisites to filing suit by filing her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 10, 2020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaratory judgment that Defendants have discriminated and retaliated against Plaintiff in violation of the FMLA;

B. A permanent injunction enjoining Defendants and their agents, employees and/or representatives from engaging in any further acts of discrimination and retaliation as set forth above;

C. An Order requiring Defendants to initiate and implement programs that (1) will provide equal employment opportunities for employees who take leave pursuant to the FMLA; (2) will remedy the effects of Defendants' past and present acts of discrimination and retaliation; and (3) will eliminate the continuing effects of the discriminatory and retaliatory acts described herein;

D. An Order requiring Defendants to initiate and implement systems to ensure that individuals who take leave pursuant to the FMLA are treated in a non-discriminatory manner;

E. An award of full back pay, lost benefits, and other damages for lost compensation and job benefits suffered by Plaintiff in an amount to be determined at trial;

F. An award for any actual monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violations;

G. Liquidated damages in an amount equal to Plaintiff's actual damages as allowed;

H. An award of front pay for 3 years.

I. An award of compensatory damages for garden variety emotional distress.

J. An award of punitive damages.

K. Any other equitable relief to which Plaintiff is entitled, including, but not limited to, expungement of any negative information contained in his personnel file and reinstatement to his former position with restoration of all leave and benefits or front pay;

L. An award of litigation costs and expenses, including reasonable attorney's fees and reasonable expert witness fees, to Plaintiff;

M. Pre-judgment and post-judgment interest; and

N. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

                Respectfully submitted,

                /s/

                David Manuel Baña (Bar No. 21292)
                Law Office of David Baña, Esquire
                129 Slade Ave
                Pikesville, MD  21208
                Tel.: (443) 742-2390
                Fax: (410) 670-7573
                E-mail: david@davidbana.com

                *Attorney for Plaintiff Priscilla Davis-El*

Dated:  August 19, 2021